UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80873-Civ-MIDDLEBROOKS/MATTHEWMAN

JANE DOE,

    Plaintiff,

vs.

1031 SOUTH WOOSTER LTD and
LOVE HOTEL MANAGEMENT
COMPANY,

    Defendants.
_____/

FILED BY____KJZ____D.C.

**Jan 3, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [DE 118]

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration [DE 118]. Defendant[1] responded [DE 121] and Plaintiff replied [DE 124]. The Court held a hearing via Zoom video teleconference (VTC) on December 28, 2021 and took the Plaintiff's Motion under advisement. The Court has carefully considered the pending dispute, the parties' positions, and the applicable governing law.

On December 1, 2021, Defendant filed a Motion to Compel Discovery [DE 111]. Pursuant to the Court's Order Setting Discovery Procedure, a response to the motion to compel was due within five days of its filing. [DE 71]. When Plaintiff failed to file a timely response, the Court reviewed the motion to compel without the benefit of counterargument. On December 12, 2021, upon due consideration, the motion to compel was granted both on the merits and by default pursuant to Local Rule 7.1(c). [DE 116]. That same day, Plaintiff filed the instant Motion for

---

[1] Defendant Love Hotel filed a response to the motion, and Defendant 1031 South Wooster did not file a separate response. The Court notes that only Defendant Love Hotel brought the underlying motion to compel [DE 111], which states that co-Defendant 1031 South Wooster "agrees with the requested relief." Therefore, the Court's ruling on Plaintiff's Motion for Reconsideration applies to all parties in this case.

Reconsideration. [DE 118]. During the December 28, 2021 hearing, counsel for Plaintiff argued that an inadvertent mistake caused counsel to incorrectly calendar the response deadline. At the outset, the Court finds that Plaintiff's failure to respond to the motion in a timely manner was inadvertent here.

As to the merits of the discovery dispute, the Court heard argument from both sides as to the discoverability of the documents sought in Defendant's motion to compel. Specifically, the motion to compel sought the production of 1) tracking data of Plaintiff when she was outside of the hotel; 2) visual representations of Plaintiff outside the hotel; and 3) Plaintiff's allegations against other hotels.

"Reconsideration is an extraordinary remedy to be employed sparingly." *Holland v. Florida*, No. 06-20182-CIV-SEITZ, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007) (citation and internal quotation marks omitted). A motion for reconsideration may be granted based on three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). In other words, "[t]he only grounds for granting a motion for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Dean*, No. 20-11603, 2020 WL 7655426, at *2 (11th Cir. Dec. 23, 2020) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *Id.* (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

Regardless of the inadvertent error by counsel resulting in a failure to respond to the motion to compel, the Court finds that Plaintiff has not met its very high burden for the Court to reconsider its prior ruling as to production of the tracking data of Plaintiff when she was outside of the hotel

and as to the production of Plaintiff's allegations against other hotels. Said discovery shall be produced as previously ordered. [DE 116].

However, the Court finds that in the interests of justice and fairness it shall reconsider its ruling regarding the production of visual representations of Plaintiff outside of the hotel to prevent manifest injustice. Now, having fully heard from both sides on this issue, the Court finds that Defendant's request for production of visual representations of Plaintiff outside of the hotel, including her personal and private photographs, is overboard and unnecessarily invasive at this juncture in discovery in this case. This is particularly true since Defendant will be receiving the tracking data discovery pursuant to the Court's prior order. [DE 116]. The Court's denial of Defendant's request for production of the additional visual representations is without prejudice to Defendant's ability to renew the request at a later date.  Once Defendant obtains and reviews the currently ordered production of the tracking data and the "other allegations" discovery, if Defendant has a good faith legitimate basis to request production of all or certain visual representations of Plaintiff outside of the hotel, Defendant may renew its request upon proper and timely motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 118] is **GRANTED IN PART and DENIED IN PART**. The Court's prior Order [DE 116] is amended as set forth in this Order. Plaintiff shall produce the tracking data and other allegations discovery by or before **January 10, 2022**.

**DONE and ORDERED** in Chambers this 3rd day of Janaruary, 2022, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge